IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY GARRETT**
**(a/k/a Johnnie Garrett),**
**No. N-20411,**

**Petitioner,**

vs. Case No. 17-cv-348-DRH

**ATTORNEY GENERAL, STATE of**
**ILLINOIS,**
**and PEOPLE of the STATE of ILLINOIS,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Johnny Garrett, a/k/a Johnnie Garrett, a state prisoner, has filed a document in this action which the Court has liberally construed as a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, because Garrett states he is seeking "A time cut or reduction of sentence." (Doc. 1, p. 1). When he submitted the pleading, Garrett did not pay the $5.00 filing fee, nor did he submit a motion for leave to proceed *in forma pauperis* (IFP).

Upon receipt of Plaintiff's pleading, the Clerk immediately sent him a letter (Doc. 2) advising him of the case number and filing fee requirements for a habeas corpus action. He was warned that if he did not submit either the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* (IFP) within 30 days, his case would be subject to dismissal. He was provided with a blank form motion for IFP. Plaintiff's 30-day deadline of May 5, 2017, has come and gone, and Plaintiff

has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

Ordinarily, the Court would give a petitioner one last chance to either pay the filing fee or submit a motion for leave to proceed IFP before dismissing the action. However, in Garrett's case, this step would be a waste of time and of the Court's limited resources. Garrett has already proven himself to be a pestiferous filer of frivolous and incomprehensible pleadings and motions, with no regard for this Court's rulings. The instant pleading (Doc. 1) is similar to those he has filed in other actions. It is incoherent, made up of disjointed references to courts in various other states; movie titles, actors, Disney, and Hollywood; references to the U.S. President and lists of claims such as "failure to perform a task or fulfill an obligation" (Doc. 1, pp. 2-4); and lists of addresses in various states (Doc. 1, pp. 5-6). There is no legal argument or grounds for habeas corpus relief contained in the document. It is utterly frivolous, and would be subject to dismissal even if Garrett were to pay the $5.00 filing fee.

As a result of Garrett's persistent frivolous filings despite his having "struck out" under 28 U.S.C. § 1915(g), his flagrant disregard of the requirements of Federal Rule of Civil Procedure 11(b), and his failure to submit any coherent response to the undersigned Judge's order to show cause in *Garrett v. Warden or Sheriff of Illinois*, Case No. 17-cv-100-DRH (Doc. 22 in Case No. 17-cv-100-DRH, entered March 22, 2017), Garrett has been banned from filing new civil actions in this Court until he pays a $500.00 fine. (Doc. 61 in Case No. 17-cv-100-DRH,

entered April 18, 2017).  That order also sanctioned Garrett by directing that any future collateral attack or habeas corpus action filed by him would be deemed denied after 30 days, unless the Court orders otherwise.  *Id.*

The case at bar was filed by Garrett before the filing ban was imposed on him.  However, at the time he filed this action on April 5, 2017, Garrett's Case No. 17-cv-100-DRH had already been dismissed on February 10, 2017, with a warning that sanctions would be imposed if he continued to file frivolous papers or actions in this District.  (Doc. 4 in Case No. 17-cv-100-DRH).[1]  Despite this warning, Garrett filed 12 frivolous post-judgment motions in Case No. 17-cv-100-DRH, which prompted the order to show cause in that action.  (Doc. 22 in Case No. 17-cv-100-DRH).  Instead of submitting any document responsive to the March 22, 2017, order to show cause, Garrett filed 38 additional frivolous motions and other documents in that case.  He also filed the instant habeas action during the period following the March 22, 2017, order to show cause.  Based on this record, and the frivolous nature of the instant habeas pleading, this case shall be dismissed without further delay.

**IT IS THEREFORE ORDERED** that this habeas action is **DISMISSED WITH PREJUDICE** for failure to prosecute.  FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

---

[1] This Court incorporated a January 19, 2017, warning of potential sanctions issued to Garrett by the Central District of Illinois in *Garrett v. United States*, Case No. 16-cv-1498 (C.D. Ill. 2016, Doc. 4).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Petitioner is **REMINDED** of the sanctions imposed in *Garrett v. Warden or Sheriff of Illinois*, Case No. 17-cv-100-DRH, which are still in effect:

> [U]ntil such time as Garrett has paid the $500.00 fine to the Clerk of this Court in full, the **CLERK** is **DIRECTED** to return unfiled any papers that Garrett tenders in civil litigation in this Court, other than a collateral attack or habeas action. All papers filed in a collateral attack or habeas action will be received and reviewed by this Court, but shall be deemed **DENIED** after thirty days, absent a contrary order of the Court. Should Garrett continue to file frivolous actions, the fine is subject to increase. **This filing restriction applies to any and all frivolous pleadings or papers filed by Garrett in this District, other than those specifically exempted herein.**

(Doc. 61, pp. 3-4, in Case No. 17-cv-100-DRH). Exempt from that filing ban were a notice of appeal in Case No. 17-cv-100-DRH, and any papers Garrett seeks to file in a civil or criminal case in which he is a party defendant. *Id.*

If Garrett wishes to appeal the dismissal of *this* case, his notice of appeal will be exempt from the filing ban, and must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). However, if the appeal is frivolous, this Court will not grant him leave to proceed *in forma pauperis* ("IFP") in an appeal from the dismissal of this action. Instead, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal, unless the court of appeals allows him to proceed IFP. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of

Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Finally, should Garrett desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons stated above, this action is dismissed for failure to prosecute. Further, the Petition is frivolous and contains no grounds for relief under 28 U.S.C. § 2254, and the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Garrett has not made "a substantial

showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

**Dated: June 7, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.06.07 15:15:31 -05'00'

**United States District Judge**